Steven D. BEEM, Petitioner–Appellant,

v.

David R. McKUNE, Warden, Lansing Correctional Facility, and Carla Stovall, Kansas Attorney General, Respondents–Appellees.

Donald Henson, Jr., Petitioner–Appellant,

v.

David R. McKune, Warden, Lansing Correctional Facility, and Carla Stovall, Kansas Attorney General, Respondents–Appellees.

Nos. 00–3224, 00–3249.

United States Court of Appeals, Tenth Circuit.

Jan. 8, 2002.

Michael S. Holland of Holland and Holland, Russell, KS, for Petitioners–Appellants.

Kristafer R. Ailslieger, Assistant Attorney General, Criminal Litigation Division, Topeka, KS, for Respondents–Appellees.

Before TACHA, Chief Judge, McKAY, Circuit Judge, and CUDAHY,* Senior Circuit Judge.

---

McKAY, Circuit Judge.

Appellants Steven D. Beem and Donald Henson, Jr., state prisoners, appeal the dismissal of their 28 U.S.C. § 2254 habeas petitions. The issue we address is important even though it only arises because of a peculiarity in Kansas state law. While changes in Kansas law assure that we will never face this issue in the present context again, our duty to resolve this matter remains undiminished. The issue facing this court is whether Mr. Beem and Mr. Henson may be sentenced and imprisoned for crimes for which they were not charged, tried, or convicted.

Mr. Beem was charged and convicted in the District Court of Reno County, Kansas, of one count of indecent liberties with a child, in violation of title 21, section 3503, of the Kansas Code, and one count of aggravated assault, in violation of title 21, section 3410 of that Code. Mr. Beem appealed his conviction to the Kansas Court of Appeals, which denied his appeal on March 1, 1991. On September 29, 1995, the District Court of Reno County vacated Mr. Beem's sentence for indecent liberties with a child and instead sentenced him for the crime of aggravated incest under title 21, section 3603, of the Kansas Code. The Kansas Court of Appeals affirmed the sentence on April 3, 1998, and the Kansas Supreme Court denied review.

Mr. Henson was charged and convicted in the District Court of Miami County, Kansas, of three counts of rape in violation of title 21, section 3502, of the Kansas Code. On appeal, the Kansas Court of Appeals determined that Mr. Henson should have been charged with, and convicted of, the specific offense of aggravated incest rather than the general offense of rape. That court vacated Mr. Henson's

* Honorable Richard D. Cudahy, United States Senior Circuit Judge for the Seventh Circuit, sitting by designation.

sentence for rape and remanded the case for Mr. Henson to be sentenced for aggravated incest under title 21, section 3603, of the Kansas Code.

Both Appellants challenged the Kansas courts' imposition of new sentences for aggravated incest. Appellants petitioned the United States District Court for the District of Kansas for habeas relief, arguing that they were sentenced for crimes for which they were not charged, tried, or convicted, in violation of their Fourteenth Amendment right to due process and Sixth Amendment right to jury trial. Appellants requested that their new sentences be vacated. The district court held that Appellants did not establish a violation of their federal rights, dismissed their petitions, and denied them certificates of appealability. Appellants' petitions were consolidated for our review.

■ Appellants first seek certificates of appealability to appeal the district court's denial of their habeas petitions. In order for this court to grant a certificate of appealability, Appellants must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Since the district court "has rejected the constitutional claims on the merits, ... [Appellants] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

■ Appellants' petition raises an unusual issue of constitutional concern. After reviewing the briefs of both parties and the opinion of the district court, we hold that reasonable jurists would find the district court's assessment of the present petition's constitutional claims debatable or wrong. Therefore, we conclude that the question merits further judicial consideration and grant Appellants certificates of appealability. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253(a).

■ In evaluating the district court's denial of a habeas corpus petition, we review the court's legal conclusions de novo and its factual findings for clear error. *See Davis v. Executive Dir. of Dep't of Corr.,* 100 F.3d 750, 756 (10th Cir.1996). In order to succeed on a petition for habeas relief, Appellants must establish that the state court decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [were] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Appellants claim that the State violated their Fourteenth Amendment right to due process and Sixth Amendment right to a jury trial by charging, trying, and convicting the Appellants of one crime and then sentencing them for a separate crime. The State contends that the Appellants' federal rights are not implicated. Rather, the State claims it simply modified the Appellants' sentences in an attempt to remedy a technical violation of Kansas common law.

■ Kansas law requires that criminal behavior prohibited under both a general statute and a specific statute must be prosecuted under the specific statute. The crux of the present dispute is based on the Kansas Supreme Court's decisions in *State v. Williams,* 250 Kan. 730, 829 P.2d 892 (Kan.1992), and *Carmichael v. State,* 255 Kan. 10, 872 P.2d 240 (Kan.1994). In *Williams,* the defendant's conduct violated the State's prohibition against indecent liberties with a child, a class C felony, and aggravated incest, a class D felony. The court held that when a defendant is related

to the victim "the State may charge the defendant with aggravated incest for engaging in the acts prohibited therein but not with indecent liberties with a child." *Williams*, 829 P.2d at 897.

In *Carmichael*, the defendant was originally convicted of two counts of rape and one count of aggravated kidnapping. *Carmichael*, 872 P.2d at 241. The defendant challenged his rape convictions arguing that since he was related to his victim, he should have been charged with the more specific crime of aggravated incest rather than the general crime of rape. *See id.* at 242. The court held that "the proper remedy is to vacate the sentence imposed for rape and resentence the petitioner *for aggravated incest.*" *Id.* at 247 (emphasis added).

■ The Kansas legislature has decided that a sexual crime against a family member is to be treated less severely from a penological standpoint than a sexual crime perpetrated by an attacker unrelated to the victim. When a defendant's conduct violates both the Kansas statute against indecent liberties with a child and aggravated incest, or rape and aggravated incest, the defendant is to be charged with aggravated incest rather than rape or indecent liberties with a child. In effect, the Kansas legislature has added an additional element to the crimes of rape and indecent liberties with a child, i.e., that the victim and the defendant *not* be related.

The quandary becomes what is to be done when a defendant is prosecuted for rape or indecent liberties with a child rather than aggravated incest as required by Kansas law. *Carmichael* instructs us that the solution is to vacate the sentence given to the defendant and resentence the defendant *for aggravated incest. See Carmichael*, 872 P.2d at 247 (emphasis added). This is not merely a matter of sentencing. The *Carmichael* solution does

more than downwardly alter the sentence a defendant receives for the crime committed. Instead, *Carmichael* requires that the original sentence be vacated (for rape or indecent liberties with a child) and that a defendant be sentenced for a crime for which they have not been charged, tried, or convicted (aggravated incest).

■ Nor can aggravated incest be considered a lesser included crime to either rape or indecent liberties with a child under Kansas law. To be a lesser included offense, all of the elements required to prove aggravated incest would also be necessary elements of rape or indecent liberties with a child. Under Kansas law this is not the case. Unlike rape or indecent liberties with a child, aggravated incest requires that the parties be related and that the wrongdoer be aware of the relationship.

Kansas' proposed solution in *Carmichael* directly violates the law set forth by the United States Supreme Court in *Cole v. Arkansas*, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948). In *Cole*, the defendants were convicted of promoting an unlawful assembly under section two of a state statute. On appeal, the Arkansas Supreme Court held that the information filed against the defendants *also* violated section one of the same statute and affirmed the defendants' convictions based solely on section one grounds.

The United States Supreme Court reversed, stating:

We therefore have this situation. The petitioners read the information as charging them with an offense under § 2 of the Act, the language of which the information had used. The trial judge construed the information as charging an offense under § 2. He instructed the jury to that effect. He charged the jury that petitioners were on trial for the

offense of promoting an unlawful assemblage, not for the offense "of using force and violence." Without completely ignoring the judge's charge, the jury could not have convicted petitioners for having committed the separate, distinct, and substantially different offense defined in § 1. Yet the State Supreme Court refused to consider the validity of the conviction under § 2, for violation of which petitioners were tried and convicted. It affirmed their convictions as though they had been tried for violating § 1, an offense for which they were neither tried nor convicted.

No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal. . . . It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.

*Id.* at 200–01, 68 S.Ct. 514. The Court reversed the Arkansas Supreme Court on Fourteenth Amendment due process grounds.

 In the present case, Kansas asks us to do what *Cole* specifically prohibits. Mr. Henson was charged, tried, and convicted of rape, and Mr. Beem was charged, tried, and convicted of indecent liberties with a minor. Under Kansas law, both should have been charged, tried, and convicted of aggravated incest. Vacating Mr. Henson's and Mr. Beem's sentences and then sentencing them instead for aggravated incest (because their conduct also violates that statute) clearly violates Appellants' due process rights because they were never charged, tried, nor convicted of

aggravated incest. As this court previously stated, "[w]hat . . . is before us now is the fundamental due process question of whether one can be sentenced for a crime not charged and to which no plea of guilty has been entered. *The answer is an unequivocal no.*" *Von Atkinson v. Smith*, 575 F.2d 819, 821 (10th Cir.1978) (applying *Cole* ) (emphasis added).

 The State argues that the primary elements of due process—notice of the charge and an opportunity to defend against the charge—are present here, since it is now undisputed that Appellants were related to their victims. This assertion misses the point. Courts are forbidden from directing verdicts against criminal defendants on any elements of a crime. *See Sullivan v. Louisiana*, 508 U.S. 275, 277, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) ("[A]lthough a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, he may not direct a verdict for the State, no matter how overwhelming the evidence."). This court is prohibited from taking judicial notice of any element of the crime of aggravated incest, regardless of how easily the particular element could have been proved. This prohibition includes taking judicial notice of the relationship between the Appellants and their victims.

The State urges us to reject Appellants' appeal because the new sentences imposed on the Defendants expose them to less punishment than their sentences for rape or indecent liberties with a minor. This fact is simply immaterial. "It is irrelevant that the sentence for the uncharged crime is less than that for the one charged." *Von Atkinson*, 575 F.2d at 821. Allowing the State to resentence Mr. Henson and Mr. Beem for crimes for which they were not charged, tried, or convicted violates a basic tenet of our judicial system. All criminal defendants are considered inno-

cent until proven guilty after a full and fair trial.

■ The State next argues that the error, if any, of vacating the Defendants' sentence and sentencing them for a crime for which they were not charged, tried, or convicted constitutes harmless error. In support of this argument, the State advocates that we adopt the Ninth Circuit's reasoning in *Henry v. United States*, 432 F.2d 114 (9th Cir.1970). *Henry* is inapposite. In *Henry*, the indictment erroneously referenced a section number of the penal code (§ 1152 instead of § 1153(b)). However, the elements necessary for conviction were the same, the elements required for conviction were clearly set out in the indictment, the defendant was able to mount a defense in the trial court, and the jury instructions contained the proper elements of the crime for which the defendant was convicted. *See id.* at 117–18.

The present case is markedly different. Defendants were indicted under charges that did not include all necessary elements of aggravated incest. Additionally, Defendants did not proffer a defense regarding the missing elements and their juries were not instructed as to all elements of aggravated incest. While *Henry* may be a persuasive approach to correcting typographical errors in an indictment, it is inapplicable to the present inquiry. The only conceivable way we can permit a sentence for aggravated incest to be entered against Mr. Henson and Mr. Beem is to take judicial notice of the essential element of kinship-an impermissible endeavor.

We recognize that Mr. Henson and Mr. Beem have been convicted of heinous crimes against family members who trusted them. We have little doubt that if charged and tried for aggravated incest, the State would have been able to prove that Mr. Henson and Mr. Beem were re-lated to their victims and were aware of that relationship. The State may claim that Mr. Henson and Mr. Beem have benefitted from a unique technicality in Kansas state law. Regardless, this court does not view the Constitutional right to be charged, tried, and convicted of a crime prior to being sentenced for that crime as a mere technicality. Nor can this court view the imprisonment of an individual for a crime for which they were not charged, tried, and convicted as harmless error. As distasteful as the consequences of this decision are to this court and to Mr. Beem's and Mr. Henson's victims, this court must not jettison its responsibility to vigilantly protect the inviolate right of all defendants to be charged, tried, and convicted of the crime for which they are imprisoned.

■ We reverse the judgment of the district court and remand for that court to enter an order granting Mr. Henson's writ of habeas corpus and vacating his conviction and sentence for rape. We also reverse the judgment of the district court and remand for that court to enter an order granting Mr. Beem's writ of habeas corpus vacating his conviction and sentence for indecent liberties with a minor. Since aggravated incest is not a lesser included offense of either rape or indecent liberties with a minor, double jeopardy has not attached, and the State of Kansas is entitled to charge and try Mr. Henson and Mr. Beem for aggravated incest.

REVERSED and REMANDED.

TACHA, Chief Judge, dissenting.

## I. Introduction

The resolution of these cases turns on whether the Kansas courts affirmed appellants' convictions based on *separate crimes* from those for which they were charged, tried, and convicted, or whether the courts affirmed their convictions based on the

*same crimes.* If the courts affirmed the convictions based on separate crimes, then they violated appellants' rights to due process and a jury trial. If they affirmed based on the same crimes, however, the appellants have no federal constitutional claim. According to the majority's characterization, the Kansas courts sentenced the appellants "for crimes for which they were not charged, tried, or convicted," *supra* at 1110, 1114, and the issue is therefore "not merely a matter of sentencing," *supra* at 1112. I am convinced, however, that the more accurate characterization is that the Kansas courts affirmed appellants' convictions for the *same crimes* for which they were tried, but reduced appellants' sentences to comply with the Kansas Supreme Court decisions in *State v. Williams,* 250 Kan. 730, 829 P.2d 892 (Kan.1992), and *Carmichael v. State,* 255 Kan. 10, 872 P.2d 240 (Kan.1994). In my view, the resentencing remedy required neither the Kansas courts nor this court "to take judicial notice of the essential element of kinship," *supra* at 1114, and it did not violate appellants' constitutional rights.

Even if, as the majority concludes, the resentencing remedy violated the appellants' rights to due process and to a jury trial, this error is a harmless one that does not require reversal.

For these reasons, I respectfully dissent.

## II. Characterizing the Events in the Kansas Courts

The Kansas courts' rationales, actions, and characterizations of those actions demonstrate that they were implementing a resentencing remedy that left the underlying convictions undisturbed. An examination of the elements of the crimes at issue supports this conclusion, for the courts needed to find no additional element in order to affirm the convictions. Kinship was merely a sentencing factor, and its use

as a sentencing factor did not violate due process or the right to a jury trial, because it reduced rather than increased the appellants' sentences. Moreover, because appellants' entire appeal is premised upon their familial relationship to their victims, they cannot simultaneously contest the fact of that relationship.

Scrutiny of the Kansas courts' actions confirms that the appellants' convictions were affirmed based on the same crimes for which they were tried. Appellant Beem, following a full jury trial, was convicted of one count of indecent liberties with a child and sentenced to 15 to 60 years for that crime. The Kansas Court of Appeals affirmed his conviction. Appellant Henson, following a full jury trial, was convicted of three counts of rape and sentenced to three consecutive terms of 7 to 20 years.

The validity of these sentences was cast into doubt by the subsequent Kansas Supreme Court decisions in *Williams* and *Carmichael.* In *Williams,* the court held that if both a specific statute and a more general statute prohibited the same conduct, the state could only charge the defendant with the more specific crime. 829 P.2d at 897. Two years later, the same court held in *Carmichael* that the proper remedy for violation of the *Williams* rule was not to throw out the *conviction,* but to vacate the *sentence* for the general crime and *resentence* in accordance with the lesser penalty applicable to the more specific offense. 872 P.2d at 247. As the court observed, "Carmichael [was] challenging the State's failure to charge him with the specific offense, which ultimately resulted in the imposition of an *erroneous sentence.*" *Id.* at 244 (emphasis added). In fashioning this remedy, the Kansas Supreme Court relied on its specific statutory authority "to correct an illegal sentence at any time." Kan. Stat. Ann. § 22–3504

(1995), *cited in Carmichael,* 872 P.2d at 245.

*Williams* applied to both Beem and Henson, because each could have been charged with the specific offense of aggravated incest instead of the more general offense of indecent liberties with a child or rape. On the basis of *Williams,* Beem and Henson sought to have their convictions and sentences set aside. Beem filed a petition in the trial court attacking his sentence and seeking a writ of habeas corpus pursuant to section 60–1507 of the Kansas Statutes. That petition stated that "[t]he acts supporting the allegations of one count of indecent liberties with a child against Mr. Beem . . . are also prohibited by the aggravated incest statute," and "[t]he alleged victim in the present case was . . . Mr. Beem'[s] 14 year old [sic] stepdaughter." Beem's amended petitions made the same assertions. Henson, meanwhile, challenged his conviction and sentence for rape on direct appeal.

In response to Beem's and Henson's appeals, the courts affirmed their convictions, but resentenced in light of *Williams* and *Carmichael.* In Beem's case, the trial court found "that the petition should be granted concerning defendant's *resentencing* in regards to Case No. 89 CR 147 [charging Beem with indecent liberties with a child], but the remainder of petitioner's petition . . . should be denied." (Emphasis added). The court then resentenced Beem to 9 to 30 years. The Kansas Court of Appeals affirmed this decision, which it described as follows: "The district court agreed that Beem's sentence for indecent liberties should be vacated, *but refused to reverse his conviction for that crime.* The district court ordered that Beem be *resentenced to conform with a sentence for aggravated incest* rather than indecent liberties." (Emphasis added).

In Henson's case, the Kansas Court of Appeals affirmed the convictions, but, as required by *Carmichael,* vacated his sentence and remanded for resentencing. The court's mandate stated: "Convictions affirmed. Sentences vacated, and case remanded." The district court resentenced Henson to three consecutive terms of 3 to 7 years.

Admittedly, there are some ambiguities in the record. For example, while the district court remanded Beem's case only for resentencing, the journal entry of the resentencing itself refers to "re-sentencing on the charge of Aggravated Incest" and "for the offense of Aggravated Incest," without clarifying that the underlying conviction remained the same.

The Kansas Court of Appeals' statement in Beem's case, however, that the court had affirmed the original conviction and resentenced to conform with a sentence for aggravated incest—which is consistent with its mandate in Henson's case—is the most precise, as well as the most accurate description of what occurred in both cases. This characterization is confirmed by an examination of the elements of the crimes at issue.

The crucial point here is that the courts did not need to find any additional elements in order to affirm the convictions. They merely used the newly asserted fact of familial relationship as a basis for reducing the original sentences. As the Kansas Supreme Court noted, "the legislature . . . intended that aggravated incest, a crime committed by a person related to the victim, constitutes a less serious offense than when a similar prohibited act is perpetrated by a defendant against a child with whom he or she has no family relationship." *Williams,* 250 Kan. 730, 829 P.2d 892, 897. As such, their resentencing is analogous to a court's reducing a conviction to a lesser included offense, an action

that does not violate due process. *See Morris v. Mathews,* 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986) (permitting, as a remedy for a double jeopardy violation, a reduction in conviction to a lesser included offense that was not jeopardy-barred). The defendants would be guilty of the underlying crimes of indecent liberties or rape even without kinship. While aggravated incest is not by definition a lesser included offense of rape or indecent liberties with a child, kinship is, under these unusual facts,[1] a sentencing factor that puts their conduct into a more specific, less serious category of the same offense.

Due process requires that all *aggravating* sentencing factors be proved at trial. *Apprendi v. New Jersey,* 530 U.S. 466, 481–82, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As the Supreme Court has stated, "[o]ther than the fact of a prior conviction, any fact that *increases* the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348 (emphasis added). In applying this constitutional rule, the Court made clear that "the relevant inquiry is one not of form, but of effect—does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id.* at 494, 120 S.Ct. 2348. The answer here is no. The finding of kinship does not expose the defendants to a greater punishment, but entitles them to a *decrease* in punishment. The rights to a trial by jury and to due process are therefore not implicated.

Moreover, the defendants do not contest the additional facts required for resentencing under the lesser offense of aggravated incest. The factor that distinguishes ag-

gravated incest from indecent liberties or rape is kinship, the existence of which is undisputed. To the contrary, the existence of a familial relationship constitutes the sole support for appellants' claims; absent this familial relationship, their convictions would still stand, though they would be entitled to no reduction in their sentences. Arguing that the charges against them were incorrect *because of* kinship estops the appellants from simultaneously contesting kinship.

The majority and appellants cite *Cole v. Arkansas,* 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948), and *Von Atkinson v. Smith,* 575 F.2d 819 (10th Cir.1978), but their reliance on these cases is misplaced. *Cole* stands for the principle that "[t]o conform to due process of law, [criminal defendants are] entitled to have the validity of their convictions appraised on consideration of the case as it was tried and as the issues were determined in the trial court." 333 U.S. at 202, 68 S.Ct. 514. In *Cole,* the petitioners had been tried and convicted of promoting, encouraging, or aiding an unlawful assemblage, and they challenged the constitutionality of the statutory section defining that offense. *Id.* at 199–200, 68 S.Ct. 514. The Supreme Court of Arkansas, however, affirmed their convictions on the ground that, even if they could not have been convicted of violating that statutory section, they had violated a different section of the same statute—participating in an unlawful assemblage. This was a distinct crime that, unlike the crime of promoting, encouraging, or abetting, included an element of force or violence, which had not been presented to the jury as a necessary element for conviction. *Id.* at 198–99, 68

---

1. The precise situation presented here should not arise in future cases, because the Kansas Legislature has altered the definition of aggravated incest to exclude acts that are cov-

ered by the statutes prohibiting rape and indecent liberties with a child. 1993 Kan. Sess. Laws, ch. 253, § 15 (amending Kan. Stat. Ann. § 21–3606).

S.Ct. 514. The U.S. Supreme Court reversed, because the state court "ha[d] not affirmed these convictions on the basis of the trial petitioners were afforded." *Id.* at 201, 68 S.Ct. 514. In contrast to *Cole,* Beem's and Henson's claims do not bring into question the constitutionality of the statutes authorizing their convictions. Nor do they challenge the sufficiency of the proof supporting their convictions. Most important, affirming their convictions did not require proof of an additional element.

In *Von Atkinson,* which the majority and appellants also cite, the defendant had pleaded guilty to sodomy under a Utah statute that did not require proof of force. 575 F.2d at 820. A new law defined two crimes—forcible sodomy and misdemeanor sodomy, which did not require force—each with a lesser penalty than that for sodomy under the prior statute, and the new statute gave the defendant the benefit of any lesser penalty applicable under the new law. *Id.* The state court, over the defendant's objections, held a *hearing* in which it determined that the defendant had used force. *Id.* The Tenth Circuit reversed, holding that a court could not impose the penalty for the new crime of forcible sodomy, because force had not been proved at *trial.* *Id.* at 821. In that context, we rejected the argument that the state court's finding of force was merely a sentencing determination, rather than "a trial and conviction for an uncharged crime." *Id.* The crucial distinction is that, in *Von Atkinson,* a determination of the element of force *increased* the penalty, whereas, in Beem and Henson's cases, a determination

of kinship *decreased* the penalty.[2] Moreover, *Von Atkinson* involved a contested element, whereas here, the additional fact of kinship is uncontested, and the appellants asserted it themselves. In fact, their claims depend upon it.

In sum, the Kansas courts correctly characterized their actions as affirming appellants' convictions for the same crimes. Unlike the *Cole* and *Von Atkinson* courts, they did not need to find additional elements. Instead, the courts affirmed the original convictions and resentenced based on an uncontested fact, the existence of which decreased rather than increased appellants' sentences. Moreover, appellants cannot claim a violation of their right to a trial on the issue of kinship when their appeal is entirely premised upon that fact's existence. Under these circumstances, I fail to see how due process or the right to a jury trial is implicated.

### III. Harmless Error

Even if, as the majority claims, the Kansas courts committed constitutional error when they applied the *Carmichael* remedy—that is, if they were affirming the convictions based on a determination that the defendants committed aggravated incest—that error was harmless and does not require reversal of the convictions or sentences.

While "most constitutional errors can be harmless," certain errors are "structural" ones that require automatic reversal and are not subject to harmless-error analysis. *Neder v. United States,* 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (quoting

---

**2.** Though the sentence imposed in *Von Atkinson* was less than what the prior law authorized, the finding of force increased the penalty relative to what the current law authorized absent a finding of force. For this reason—along with the reasons discussed above—our statement in that case (cited by the majority,

*supra* at 1113) that "[i]t is irrelevant that the sentence for the uncharged crime is less than that for the one charged," 575 F.2d at 821, does not negate the significance of whether a fact is the basis for an increase or decrease in sentence.

*Arizona v. Fulminante,* 499 U.S. 279, 301, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). Structural errors are defects that *"necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Id.* at 9, 119 S.Ct. 1827. Examples include complete denial of counsel, bias on the part of the trial judge, and racial discrimination in the selection of the grand jury. *Id.* at 15, 119 S.Ct. 1827. In *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), cited by the majority, harmless-error analysis did not apply because the error—a defective reasonable doubt instruction—meant that there had been "no jury verdict of guilty-beyond-a-reasonable-doubt," rendering "utterly meaningless" a harmless-error inquiry into whether the same verdict resulted absent the error, *id.* at 280, 113 S.Ct. 2078. The Supreme Court has held, however, that harmless-error analysis does apply to the failure to instruct on an element of the crime, particularly where, as here, the appellant "does not suggest that he would introduce any evidence bearing upon the issue ... if so allowed." *Neder,* 527 U.S. at 15, 119 S.Ct. 1827. In reaching this conclusion, the Court observed that harmless-error analysis applies to such errors as an "unconstitutional conclusive presumption," *id.* at 12, 119 S.Ct. 1827, and "improperly omitting an element from the jury," *id.* at 10, 119 S.Ct. 1827. Similarly, the claimed error here—conviction without a trial on the element of familial relationship—did not undermine the fundamental fairness of each appellant's trial as a whole. Harmless-error analysis thus applies here.

The question for the court is therefore "whether it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id.* at 15, 119 S.Ct. 1827 (quoting *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Under this standard, the error claimed here is harmless. Juries found Beem and Henson guilty of all the elements of indecent liberties with a child and rape, respectively, and each concedes that, apart from familial relationship, a trial on the charge of aggravated incest would have required proof of the same facts that the jury found in his case. The alleged error here is the failure of the state to prove the additional fact of familial relationship. Far from contesting the existence of this additional fact, however, appellants have premised their challenges upon it.

As a result of the *Carmichael* remedy, Beem's sentence of 15 to 60 years was reduced to 9 to 30 years, and Henson's three consecutive sentences of 7 to 20 years were reduced to 3 to 7 years each. This result reinforces that, if an error occurred, it was not only harmless to the appellants, it was beneficial to them. For this reason, even if I were to accept the majority's characterization of the Kansas courts' actions, I could not concur in the result.

## IV. Conclusion

I do not, of course, disagree with the settled principle that the prosecution bears the burden of proving every element of a crime. Under the rather unusual circumstances presented here, however, I perceive no violation of this principle. In each of the cases before us, (1) a defendant was convicted in a trial, the basic fairness of which is not at issue; (2) the defendant later asserted the existence of an additional fact; (3) based solely on that fact, the defendant claimed that he should have been charged with a different crime; (4) except for the new fact, the prosecution would have had to prove identical elements for the crime that should have been charged as it proved for the crime that was charged; and (5) the crime that

should have been charged carries a lesser penalty. In my view, the Kansas courts' application of the *Carmichael* remedy violated neither due process nor the right to a jury trial, the U.S. District Court's denial of the habeas corpus petitions was correct, and the Certificates of Appealability should be denied.